

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-1-2009

# Johnson v. DiGuglielmo

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2179

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Johnson v. DiGuglielmo" (2009). *2009 Decisions.* Paper 729.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/729

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Counsel for Appellee

Counsel for Appellee

FUENTES, Circuit Judge.

On April 4, 2005, the District Court declined to review Darren Johnson's habeas petition on the grounds that he had defaulted his claims in state court pursuant to an independent and adequate state procedural rule. The basis for this alleged default is petitioner's violation of Pennsylvania's "previously litigated" rule, which bars a petitioner from seeking review under Pennsylvania's Post-Conviction Relief Act ("PCRA") unless he/she can show that the allegation of error "has not been previously litigated or waived." 42 Pa. Cons. Stat. Ann. § 9544(a). For the reasons laid out in our en banc decision in Boyd v. Warden, the 'previously litigated' rule insulates state courts from duplicative efforts, but does not preclude federal habeas review. Boyd v. Warden, No. 07-2185, 2009 WL 2342892, at *35 (3d Cir. July 31, 2009) (Hardiman, J., dissenting) (en banc).[1] Accordingly, we reverse and remand for further consideration.

---

[1]Although Judge Hardiman dissented in Boyd, the portion of his dissent discussing the previously litigated rule was joined by a majority of the court.

2